IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ROSIE M. WARREN                                                                                    PLAINTIFF

V.                                              NO.4:06cv00041JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration[1]                                                                   DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff, Rosie M. Warren, appeals from the Commissioner's final denial of her claims for disability insurance benefits and supplemental security income benefits. The standard of review is to determine whether the findings of fact are supported by substantial evidence in the record as a whole and whether the Commissioner's decision is free of legal error. 42 U.S.C. § 405(g); *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If it is possible to draw two inconsistent conclusions from the evidence and one of these conclusions represents the Commissioner's findings, the Commissioner's decision must be affirmed. *Baldwin*, 349 F.3d at 555.

Plaintiff was 52 years old at the time of the Administrative Law Judge's (ALJ's) decision, had a ninth grade education and past relevant work experience as waitress, cook and sewing machine operator in a factory setting. Her application alleged disability due to Chronic Obstructive Pulmonary Disease (COPD), chronic bronchitis and asthma, with

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

a disability onset date of October 15, 2002 . She also complains that she suffers from fibromyalgia and recurrent headaches.

Following an initial denial of Plaintiff's claim, an ALJ held a hearing on May 26, 2005, and rendered his decision denying benefits on August 16, 2005. That decision has become the final decision of the Commissioner. For the reasons that follow, the decision is affirmed and the case will be dismissed with prejudice.[2]

To decide the case, the ALJ used the five-step evaluation process required by Social Security Regulations.[3] At step one, he found that Plaintiff continued to work until June 2003, but found that she had not performed substantial gainful employment since that date.[4] At step two, he found Plaintiff to have a severe[5] impairment due to bronchial asthma and COPD. The ALJ also discussed Plaintiff's allegations of fibromyalgia and headaches, but found there was no medical evidence in the record to support a conclusion that either condition was severe within the meaning of the regulations. At step three, the ALJ determined that Plaintiff had no impairment or combination of impairments that met or

---

[2] The parties have consented to the jurisdiction of the United States Magistrate Judge (docket entry #5).

[3] *See* 20 C.F.R. § 404.1520, § 416.920; see also *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

[4] The proper onset date was discussed at the hearing, but there was no definitive decision made by counsel. The ALJ noted in his opinion that October 2002, was the date doctors found a lump in Plaintiff's breast (which turned out to be benign) and that she went back to work full time until June 2003. However, any question of what would be the correct onset date is moot because Plaintiff has not been disabled at any relevant time.

[5] To qualify as severe, an impairment must "significantly limit [a claimant's] physical or mental ability to do basic work activities," which are "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521, 416.921. The sequential evaluation process can be terminated at step two only where there is "no more than a minimal" impact on the ability to work. *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001).

equaled the level of severity for any impairment listed in Appendix 1 to Subpart P, Regulations No. 4 (the listings).  At step four, he analyzed Plaintiff's credibility, concluding that her subjective complaints were not borne out by the record and were not fully credible to the extent alleged.  He found that despite her subjective complaints, including pain, headaches and breathing problems, she retained the residual functional capacity (RFC) for a full range of semi-skilled, light work.  He considered the testimony of a Vocational Expert as to the required skills and exertional level of each of Plaintiff's past jobs.  Each of these jobs was semi-skilled and Plaintiff had performed each at the light exertional level.  The ALJ concluded that Plaintiff's RFC was consistent with her past work as a seamstress, cook and informal waitress.  He thus concluded at step four that Plaintiff was not disabled at any time relevant to the decision.  Plaintiff argues the ALJ's credibility analysis was flawed and that there is no substantial evidence underlying his RFC determination.

<u>Credibility Analysis</u>

A claimant's subjective complaints may be discounted if they are inconsistent with the evidence as a whole.  *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007).  The ALJ is in the best position to gauge credibility and is granted deference in that regard as long as he explicitly discredits a claimant's subjective testimony and gives good reasons for doing so.  *Id.* at 695-96.  The Social Security regulations and rulings identify a number of factors for the ALJ to consider in assessing credibility, most of which were set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).  *See* 20 C.F.R. §§ 404.1529(c), 416.929(c);[6] Soc.

---

[6]As stated in this regulation, the ALJ is required to consider, in addition to the objective medical evidence and the claimant's prior work record, statements and observations made by the claimant, his or her medical providers and any others regarding (1) the claimant's daily activities, (2) the location, duration, frequency and intensity of pain or other symptoms, (3) precipitating and aggravating factors, (4) type, dosage, effectiveness and side effects of medications, (5) non-medication treatments or other measures taken to alleviate pain and symptoms, and (6) functional

Sec. Rul. 96-7p, 1996 WL 374186, at *3, *5 (S.S.A. 1996). However, an ALJ need only acknowledge and consider these factors, and need not explicitly discuss each one. *Casey*, 503 F.3d at 695. Nor is an ALJ required to discuss all of the evidence submitted, and his failure to cite specific evidence does not mean that it was not considered. *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000).

Plaintiff makes four points in arguing that the credibility analysis was flawed. First, she says the ALJ incorrectly relied on Dr. Terry Brown's failure to restrict Plaintiff from working. Plaintiff is correct in saying that Dr. Brown's period of treatment was well before the alleged onset of her disability. The ALJ's reliance on his lack of restrictions may be misplaced. However, it does not necessarily follow that this renders the credibility analysis inadequate. As will be discussed below, the ALJ cited other factors and the overall evidence of record clearly supports his conclusion that he did not find Plaintiff's testimony credible to the extent alleged. Second, Plaintiff argues that although the ALJ mentioned the daily activities she had listed, he did not mention her statement that she could not indulge in them on her bad days. The fact remains that she had admitted she was capable of substantial activities. That the ALJ did not specifically discuss Plaintiff's stated limitations does not mean that he failed to consider the overall exhibit in reaching his conclusions. Third, the ALJ stated "none of the treating or examining physicians in the record have suggested that the claimant is disabled, or have placed severe restrictions on her activities."[7] Plaintiff says this is incorrect because the doctors have continued to prescribe pain medication and have continued to treat her COPD and asthma.

---

limitations.

[7] Tr. 15.

Continuation of treatment does not equate to saying a patient is disabled or to placing severe restrictions on that patient's activities. The ALJ's statement stands correct. No doctor has said she is disabled or restricted her activities. Further, it is important to note that the ALJ did not find Plaintiff free of pain and other limiting impairments. He did limit her to light work. In other words, he did not totally discount her subjective complaints, but only found that her limitations were not as severe as she alleged.

The ALJ properly noted the factors to be considered in determining credibility. He discussed a number of those factors and it is clear that he considered not only the lack of medical evidence, but considered other *Polaski* factors. He did analyze the medical evidence, but also discussed Plaintiff's daily activities, her work record[8] and, most importantly, her failure to follow medical advice to stop smoking.

Although Plaintiff has alleged she suffers from fibromyalgia and recurrent headaches, the ALJ correctly states that there is little in the record to support a finding that they substantially interfere with her ability to work. By far, the most serious conditions from which she suffers are the asthma and COPD. The ALJ discredited Plaintiff's subjective complaints regarding breathing in substantial part because Plaintiff has failed to stop smoking despite repeated advice from all her treating physicians that she must do so. Analysis of the record clearly demonstrates a causal connection between her breathing problems and smoking, and establishes that she has been told many times that she must stop. By her own admission she has been a smoker since age six.[9] Over the years, her consumption has varied, but at the time of the hearing, she was smoking up to a pack a

---

[8] In fact, he candidly recognized that she had a "fairly steady" work record and considered that, but obviously felt that other factors outweighed the work record.

[9] Tr. 154, 267.

5

day.[10]

The causal connection is established by the opinion of Dr. Paul R. Ramirez that her condition is "more related to the cigarette smoking and inhaling some chemicals," by his statement to Plaintiff that "any cigarette smoking is harmful to her," and by the repeated references in the medical record to her being advised that she must stop smoking. This conclusion is further strengthened by the fact that when she apparently temporarily stopped, her spirometry tests were normal.[11] Further, the record is replete with references to Plaintiff's being strongly advised to stop smoking.[12]

The failure to follow a doctor's advice to stop smoking is properly considered in evaluating credibility. *Wheeler v. Apfel*, 224 F.3d 891 (8th Cir. 2000); *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997). If Plaintiff's COPD were as severe as she alleges, she would have long ago discontinued smoking.

In summary, the ALJ considered the proper factors, and the record demonstrates that he was justified in not giving complete credence to her subjective complaints. The credibility analysis is supported by substantial evidence.

### The RFC Determination

RFC is defined as "the most [the claimant] can still do" in a work setting "on a

---

[10] Tr. 266.

[11] Spirometry testing was done in connection with a consultative examination done in November 2003. (*See* Tr. 161-172.) The test forms indicate that she was a non-smoker. The interpretation was "Normal spirometry. Post bronchodilator test not improved." (Tr. 168.)

[12] Tr. 152 (smoking less than three packs per week, "Nevertheless, she was told that it is very important for her to try to continue to diminish the cigarettes in order to achieve maximum improvement of the lung condition."); Tr. 153 ("We have indicated to the patient that any cigarette smoking is harmful to her."); 180; 188; 192; 193;199; 207; 210; 219 (all documenting advice over a period of years for her to stop smoking)

regular and continuing basis" despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a)(1), (b) & (c), 416.945(a)(1), (b) & (c). The ALJ bears the final responsibility for assessing a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *see* 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a)(3), 416.927(e)(2), 416.945(a)(3). Nevertheless, the burden of establishing the RFC rests on the claimant, not the Commissioner. *Eichelberger*, 390 F.3d at 591-92.

      The ALJ found that Plaintiff retained the RFC for a full range of semi-skilled, light work.[13] Plaintiff argues that this was based heavily on the assessment of Dr. Somers, who did a consultative examination, but who was not a treating physician. She says the assessment of a non-treating physician alone cannot be considered to be substantial evidence in the face of a conflicting assessment of a treating physician. The problem with that argument is that there is no conflicting opinion in the record. The mere fact that doctors prescribed medication for Plaintiff's complaints does not establish that they would disagree with Dr. Somers's assessment. There is nothing in the record which establishes a greater impairment than that found by the ALJ and, as stated above, the burden remains with Plaintiff to establish her RFC. Additionally, the other evidence of record supports the RFC determination. There is no substantial evidence that Plaintiff's alleged fibromyalgia is disabling and there is no evidence of objective testing which would substantiate a disabling degree of pain. Additionally, non-examining state agency medical consultants who reviewed Plaintiff's breathing test results concluded that her breathing problems are

---

[13] Tr. 17.

"non-severe." These opinions would be entitled to more weight than usual because they were based on objective spirometry test results. A review of all evidence in the record establishes that there is substantial evidence underlying the ALJ's findings.

Furthermore, impairments that are controllable or amenable to treatment do not support a finding of disability, and failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997) (*quoting Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir.1995); 20 C.F.R. § 416.930(b)). As stated above, Plaintiff was specifically told many times that it was important that she stop smoking. She has not done so. Thus, she has failed to follow a prescribed course of remedial treatment without good reason and her breathing problems would not support a finding of disability.

## Conclusion

The findings of the ALJ are supported by substantial evidence and are free of legal error. Therefore, they are affirmed and the case will be dismissed with prejudice.

IT IS SO ORDERED this 28th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE